**UNITED STATES of America,**
**Appellee,**

v.

**Andrew CRISPO, Defendant–Appellant.**

**Nos. 00–1711, 00–1712.**

United States Court of Appeals,
Second Circuit.

Sept. 24, 2002.

**40**

Edward J.M. Little, New York, NY, for Appellant.

James G. Cavoli, Assistant United States Attorney, Southern District of New York, New York, NY, for Appellees.

Present: FEINBERG, CARDAMONE, and POOLER, Circuit Judges.

Defendant Andrew Crispo appeals from a judgment of conviction entered October 13, 2000 in the United States District Court for the Southern District of New York (Hellerstein, J.) after a jury verdict convicting him of one count of attempted extortion in violation of the Hobbs Act, 18 U.S.C. § 1951 (1994), and one count of attempted obstruction of justice in violation of 18 U.S.C. § 1503 (1994 & Supp. II 1996). Crispo also pled guilty to possession of crack cocaine in violation of 21 U.S.C. § 844 (1994 & Supp. II 1996), but does not appeal that conviction. Crispo was sentenced to 85 months imprisonment, three years supervised release, a $45,000 fine, and $45,000 in restitution.

On appeal he challenges whether the: (1) evidence was sufficient to establish the elements of extortion, (2) prosecutor's comments during summation warrant a new trial, (3) admitted evidence and/or the jury charge constructively amended the Hobbs Act indictment, (4) jury charge unfairly excluded the defense's theory of the case, and (5) sentence violated *Apprendi.* Three other issues will be addressed in an opinion filed concurrently.

The events leading up to the commission of the crimes began in 1996 when Crispo, a noted art and antiques dealer, filed for bankruptcy. During the bankruptcy proceedings numerous disagreements arose between Crispo and the trustee managing the bankrupt estate. Focusing his frustration over these disagreements on the trustee's attorney, Sandra Mayerson, Esq., Crispo made a number of threats against her over several years. These events culminated in May 1999 when defendant submitted a receipt to the trustee for reimbursement. He became enraged when his refund check was not proffered quickly enough. After verbally abusing Dawn Mulvey, the administrator responsible for issuing it, Crispo said that when the bankruptcy proceedings were all over, he was going to "kidnap Sandy's daughter." Mulvey later testified that she thought Crispo intended to pressure her into getting him the check because she "was taking too long to process [it]."

■ (1) *Sufficiency.* To affirm the extortion conviction below there must be proof of (1) intent to obtain the property of another, with his consent, "induced by wrongful use of actual or threatened force, violence, or fear," 18 U.S.C. § 1951(b)(2), and (2) interference with interstate commerce. *Id.* § 1951(a). Viewing the evi-

dence in the light most favorable to the government, *United States v. Gonzalez,* 110 F.3d 936, 940 (2d Cir.1997), the prosecution met its burden with regard to both elements. A reasonable jury could have found that Crispo intended to obtain reimbursement from the trustee for his expenses by implicitly threatening to do harm to Mayerson's child if he did not receive his payment. *See United States v. Abelis,* 146 F.3d 73, 83 (2d Cir.1998) (noting that both implicit and explicit threats are covered by Hobbs Act). Further, to the extent that Crispo's threats could have influenced the speed, frequency, and likelihood of distributions from the estate, which routinely made payments to out-of-state entities, the potential of the threats to diminish or delay the estate's interstate dealings is clear. *See United States v. Jones,* 30 F.3d 276, 285 (2d Cir.1994) (applying "depletion-of-assets" theory to satisfy interstate commerce element of Hobbs Act); *United States v. Augello,* 451 F.2d 1167, 1169–70 (2d Cir.1971) (stating the government need not prove more than a minimal effect on interstate commerce).

■ (2) *Prosecutor's Comments.* Crispo maintains the prosecutor made four inappropriate comments during summation. Since none were objected to at trial, we review Crispo's arguments using the plain error doctrine, which requires him to show a plain error that affected both his substantial rights and the "fairness, integrity or public reputation of [the] judicial proceedings." *United States v. Olano,* 507 U.S. 725, 732, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993). To affect a substantial right, defendant must demonstrate that the prosecutor's misconduct caused him "substantial prejudice." *United States v. Bautista,* 23 F.3d 726, 732 (2d Cir.1994). None of Crispo's objections rise to this level. First, the prosecution's characterization of the defense, as going "back and forth" on their theory and "making it up as they went along," was not, as Crispo contends, tantamount to calling the defense counsel a liar. Instead, the comments were probative of guilt and were a legitimate response to a weak and fluctuating theory of the defense.

Next, the government did not mischaracterize the facts concerning Mayerson's departure from her law firm. Even if they had Crispo still would have failed to show the statement in question prejudiced him. Third, defendant asserts the government improperly commented on his failure to testify, in violation of his Fifth Amendment right to be free from compulsion to testify against himself. The strongest evidence defendant identifies is the following comment by the prosecutor: "First, it goes without saying that none of the defense witnesses, not a single one of them were on that phone call on May 21. They don't know what was said. Dawn Mulvey … knows what was said." To show that the government's comment was improper, defendant must demonstrate either that he was the only person capable of producing "undisputed" evidence or that the jury would "naturally and necessarily" interpret the comment as one reflecting on defendant's failure to testify. *United States v. Caccia,* 122 F.3d 136, 140 (2d Cir.1997). Defendant has not satisfied either prong of this test. Since Crispo put forth his witnesses' testimony to dispute Mulvey's account of the phone conversation, it was appropriate for the government to point out that they were not in a position to do so. *See United States v. Lopez,* 584 F.2d 1175, 1178 (2d Cir.1978) (holding that "comments on the weakness of the defense case [are] well within permissible bounds of advocacy"). Finally, Crispo asserts the prosecutor vouched for the credibility of witnesses. This claim is without merit, especially considering that defense counsel made many of the same remarks.

(3) *Constructive Amendment of Indictment.* Defendant first argues that the evidence admitted at trial concerning his prior threats and reputation for violence constructively amended the indictment, allowing the petit jury to convict him of conduct not voted on by the grand jury. We disagree. The evidence was properly admitted as background information and, more importantly, the district court's instructions made clear that the only basis for conviction was Crispo's threat to kidnap Mayerson's daughter on May 21, 1999. *See United States v. Coyne,* 4 F.3d 100, 112 (2d Cir.1993) (finding clear jury instructions undermined defendant's contention that evidence of related, prior acts constructively amended indictment). Next, defendant argues that the jury charge included theories of guilt that were not charged in the indictment because the technical definition of extortion was only referenced rather than explicitly recited. Charging Crispo in the indictment with extortion, a legal term of art, was sufficient to charge him with the component parts of that term, particularly in light of the explicit statutory reference reinforcing the static nature of those components. *See Hamling v. United States,* 418 U.S. 87, 118–19, 94 S.Ct. 2887, 41 L.Ed.2d 590 (1974) (holding that indictment need not allege the component parts of obscenity because "[t]he legal definition of obscenity does not change with each indictment; it is a term sufficiently definite in legal meaning to give a defendant notice of the charge against him"); *see also United States v. Pirro,* 212 F.3d 86, 92 (2d Cir .2000) ("[W]e have consistently upheld indictments that 'do little more than to track the language of the statute charged and state the time and place (in approximate terms) of the alleged crime.' " (quoting *United States v. Walsh,* 194 F.3d 37, 44 (2d Cir.1999))). Thus, the indictment properly charged wrongful use of fear as well as threats of physical violence.

(4) *Defense Theory of Case Excluded.* Whether the jury charge presented defendant's theory of the case is subject to plain error analysis since defense counsel did not object to the charge given. Fed. R.Crim.P. 30, 52(b). Contrary to defendant's suggestions, the trial court adequately conveyed to the jury the substance of defendant's charging request: a denial that he made a threat in an attempt to obtain money or obstruct justice. Though Crispo was entitled to a jury charge presenting any defense theory with a foundation in proof, he was not entitled to have the exact language of his proposed charge read to the jury. *See United States v. Evangelista,* 122 F.3d 112, 116 (2d Cir. 1997).

(5) Apprendi *Rule.* Finally, we reject Crispo's argument that *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), prohibits the sentencing enhancements imposed in this case. Rather, defendant's sentence was well below the statutory maximum and thus does not fall within *Apprendi's* rule. *United States v. White,* 240 F.3d 127, 136 (2d Cir.2001).

We have carefully considered all of defendant's remaining arguments and find them to be without merit.

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the District Court is hereby **AFFIRMED, IN PART.**